# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| ELVERDIS BREEDLOVE | CIVIL ACTION NO. 08-1124-P |
| VERSUS | JUDGE WALTER |
| DR. RICHARD MCCALL, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Elverdis Breedlove ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on July 30, 2008. Plaintiff is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He names Dr. Richard McCall and Jill Blackburn as defendants.

Plaintiff claims that in March 2004, he was involved in a car accident while fleeing from police. He claims that as a result of the accident, his right knee was broken. He claims he was transported to LSU Medical Center and his knee was set and placed in a cast. He claims he was transported to LSU Medical Center for numerous follow-up appointments and the cast was eventually removed.

Plaintiff claims that after he was convicted and sentenced, he was transferred to Winn Correctional Center in January 2005. He claims that during orientation, he informed the medical staff about his pre-existing knee injury. He claims that during the next several months, he experienced severe pain and swelling in his knee. He claims the doctor at Winn Correctional Center scheduled an appointment for him at LSU Medical Center.

Plaintiff claims that on May 3, 2005, he was examined at the LSU Medical Center Orthopedic Clinic. He claims the doctor told him that he needed anterior cruciate ligament reconstructive surgery. He claims the doctor further told him that he would need rehabilitative therapy to prepare him for the surgery. He claims he was also prescribed a knee brace.

Plaintiff claims that after he completed the rehabilitative therapy procedure, he was informed that Dr. McCall had cancelled his surgery. He claims Dr. McCall cancelled his surgery because he believed he would not receive adequate post surgery therapy. He claims he was told that he would have to wait until he was released from incarceration to receive surgery.

Plaintiff claims he appealed Dr. McCall's denial of his surgery to Jill Blackburn, the Director of Patient Relations. He claims that on June 16, 2006, she affirmed Dr. McCall's decision.

Plaintiff claims that since his surgery was denied, he has submitted multiple requests to the Winn Correctional Center Medical Department regarding severe pain and swelling in his knee. He claims the doctor at Winn Correctional Center has scheduled numerous appointments for him at LSU Medical Center. He claims the was examined at LSU Medical Center on January 1, 2007, May 18, 2007, November 13, 2007, December 18, 2007, May 6, 2008 and

July 8, 2008. He claims that at each visit, he was referred to the orthopedic department and the orthopedic department refused to see him. He claims his knee brace is worn and ineffective. He claims that only the orthopedic department can prescribe a new knee brace for him.

Plaintiff claims that because he has been denied medical treatment for his condition, his injury has worsened and he has severe arthritis and constant pain and swelling.

As relief, Plaintiff seeks a declaratory judgment, injunctive relief, monetary damages, punitive damages, court costs, and any other relief to which he is entitled.

For the reasons discussed below, Plaintiff's claims should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

**Prescription**

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that

"a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims his civil rights were violated by the Defendants when they denied him anterior cruciate ligament reconstructive surgery because he was incarcerated. Thus, prescription began to run as to these claims in June 2006 at the latest when Jill Blackburn affirmed the decision of Dr. McCall. The above entitled and numbered complaint was not signed by Plaintiff until July 2008 and it was not filed by the Clerk of Court until July 30, 2008. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's civil rights claims should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490

U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the Court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 4th day of November, 2008

                                                                              _____
                                                                                  MARK L. HORNSBY
                                                            UNITED STATES MAGISTRATE JUDGE